**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRISTIAN SANCHEZ SANTOS,<br>Petitioner, | : | |
| v. | : | No. 2:26-cv-7087 |
| JAMAL L. JAMISON, *et al.*,<br>Respondents. | : | |

**O R D E R**

**AND NOW**, this 29th day of September, 2026, upon consideration of the Petition for Writ of Habeas Corpus,[1] ECF No. 1, the Government's Opposition to Petition for Writ of Habeas Corpus,[2] ECF No. 3, and for the reasons provided in *Piatukho v. Warden J.L. Jamison,* No.

[1] Petitioner Cristian Sanchez Santos filed a Petition for Writ of Habeas Corpus on September 15, 2026. *See* Pet., ECF No. 1. He is a citizen and national of the Dominican Republic. *Id.* at ¶ 1; *see also* Pet. Ex A, ECF No. 1. Sanchez Santos alleges that he entered the United States on December 29, 2022, at which point he was detained by United States Customs and Border Protection. Pet. at ¶ 2. He was then "issued a Humanitarian Parole per INA Section 212(d)(5)" on December 30, 2022, and released from custody. *Id.* at ¶¶ 2-3; *see also* Pet. Ex. B, ECF No. 1. Sanchez Santos alleges that he has resided in Philadelphia, Pennsylvania since his release, and has a pending Petition for Alien Relative (Form 1-130), which was filed by his spouse with the United States Citizenship and Immigration Services on June 24, 2024. *Id.* at ¶ 4-6; *see also* Pet. Ex. D, ECF No. 1. Sanchez Santos alleges that, in compliance with his Humanitarian Parole, he reported to a United States Immigration and Customs Enforcement ("ICE") check-in on September 14, 2026, at which point he was detained by ICE. *See id.* at ¶ 7; *see also* Opp'n, Ex. A, ECF No. 3-1. He is currently detained at the Philadelphia Federal Detention Center. Pet. at ¶ 8; *see also* Pet. Ex. E, ECF No. 1. Sanchez Santos alleges that his discretionary detention without individualized bond consideration pursuant to 8 U.S.C. § 1226(a) violates Fifth Amendment due process and the Administrative Procedures Act ("APA"), and that his mandatory detention pursuant to 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act ("INA") and bond regulations. *See* Pet. at ¶¶ 29-47. It is unclear from the Petition whether Sanchez Santos is being held pursuant to § 1225(b) or § 1226(a) as his claims are dependent on and challenge both types of detention. *See generally id.*

[2] The Government filed an Opposition to Petition for Writ of Habeas Corpus on September 23, 2026, arguing that the Court should deny habeas relief because (1) Sanchez Santos is detained under the discretionary provisions of 8 U.S.C. § 1226(a) pending removal proceedings and has not exhausted administrative remedies; (2) his detention does not violate Constitutional due process; and (3) his APA and other remaining claims fail as a matter of law. *See* Opp'n 5, ECF No. 3. The Government acknowledged that Sanchez Santos has requested "review of ICE's

26-6413, 2026 WL 2719267 (E.D. Pa. Sept. 15, 2026), which is incorporated herein[3], **IT IS HEREBY ORDERED**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1. **Within three (3) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1), 1003.19(a));
2. If a bond hearing is not held before an Immigration Judge within three (3) days, the Government shall immediately RELEASE Petitioner from ICE custody.
3. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_________
JOSEPH F. LEESON, JR.
United States District Judge

---

custody determination by an immigration judge," and that "ICE is in the process of filing the necessary paperwork" to trigger a bond hearing. *Id.* at 4; *see also* Opp'n Ex. D, ECF No. 3-4.

[3] This opinion explained that a petitioner challenging his or her detention pursuant to 8 U.S.C. § 1226(a) pending removal proceedings must first exhaust administrative remedies before seeking habeas relief from the federal district court. Such administrative remedies include: (1) requesting a bond redetermination hearing before an immigration judge; and (2) appealing the immigration judge's bond decision to the Board of Immigration Appeals. *See Piatukho*, 2026 WL 2719267, at *3 (citing *Gomez v. Jamison*, No. 26-3879, 2026 U.S. Dist. LEXIS 149870, at *6 (E.D. Pa. July 6, 2026); 8 C.F.R. §§ 236.1(d)(1), 236.1(d)(3), 1003.19(a)). This Court determined that none of the limited exceptions to exhaustion applied. *See id.* at *3–4 ("'Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.' *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).").

[4] Unlike the petitioner in *Piatukho*, who "made no attempt to exhaust administrative remedies[,]" 2026 WL 2719267, at *4, it appears that Sanchez Santos requested review of ICE's custody determination by an immigration judge on September 14, 2026, Opp'n Ex. D. Since Sanchez Santos attempted to exhaust his administrative remedies, but has not yet had a bond redetermination hearing, the Court will order that a bond hearing be held promptly.

Because the Government affirms that Sanchez Santos is being held pursuant to 8 U.S.C. § 1226(a), his request for a declaration that he is not subject to mandatory detention under 8 U.S.C. § 1225(b) is denied as unnecessary. His request for injunctive relief regarding possible release restrictions is denied. To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.